UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHAEL PIKE,

                 Plaintiff,

    -against-

THE CITY OF NEW YORK, MICHAEL CALDER,
And, JOHN WARNOCK,

               Defendants.
------------------------------------------------------------------x

**COMPLAINT**

JURY TRIAL DEMANDED

CV 13 - 3437

Plaintiff, MICHAEL PIKE, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties

that are so related to claims in this action within the original jurisdiction of this court that

they form part of the same case or controversy.

4.     Venue herein is proper for the United States District Court for the Eastern

District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

6.     Plaintiff MICHAEL PIKE is 22 years old and at all times hereinafter

mentioned was and still is a citizen of the United States residing in the State of New York

and the County of Queens.  He is of African American ancestry.

7.     Defendant THE CITY OF NEW YORK was and is a municipal

corporation duly organized and existing under and by virtue of the laws of the State of

New York.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant

herein a municipal entity created and authorized under the laws of the State of New York.

It is authorized to maintain a police department, which acts as its agent in the area of law

enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW

YORK assumes the risks incidental to the maintenance of a police force and the

employment of police officers as said risk attaches to the public consumers of the

services provided by the New York City Police Department.

9.     Defendants MICHAEL CALDER (Hereinafter "CALDER") and JOHN

WARNOCK (Hereinafter "WARNOCK") are and were at all times relevant herein duly

appointed and acting officers, servants, employees and agents of THE CITY OF NEW

YORK and/or the New York City Police Department, a municipal agency of defendant

THE CITY OF NEW YORK.  Defendants CALDER and WARNOCK are and were at all

2

times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants CALDER and WARNOCK are sued individually.

## STATEMENT OF FACTS

10.     On or about October 30, 2012, in the County of Queens, Plaintiff Michael Pike was arrested by Defendant's CALDER and WARNOCK and charged with Burglary in the Third Degree and other offenses. The charges were based upon CALDER'S alleged observation of Plaintiff being handed a pair of boots by a third party at the intersection of 86th Street and Rockaway Boulevard in Far Rockaway, NY. The boots were purportedly taken from a business destroyed by hurricane Sandy. According to the criminal complaint CALDER "observed numerous individuals in and around the above location, which is a department store in the evacuation zone, during the aftermath of Hurricane Sandy".

11.     The criminal complaint further alleged that Calder "[O]bserved a metal gate in front of said store to be broken open and said individuals were removing items from inside the store and handing them to individuals outside of the store".

12.     And, that CALDER further "[O]bserved an unapprehended other hand [Plaintiff] a pair of boots from underneath the above mentioned metal gate". And that

3

CALDER further "[O]bserved the [Plaintiff] turn his head towards him, and upon doing

so the [Plaintiff] ran away from the above mentioned location".

13.   Finally, CALDER alleges that "[U]pon stopping [Plaintiff] he recovered

the above mentioned boots from his hand".

14.   Plaintiff was inexplicably held in lieu of $35,000.00 bail for grand jury

action.   On November 2, 2012 he testified before the grand jury and denied all of

CALDER'S allegations.   Presumably, the grand jury also heard from CALDER.   The

grand jury necessarily failed to credit CALDER'S testimony because they promptly

voted a no bill and dismissed the action.

14.   Mr.   Pike spent approximately four (4) days in custody before being

released following the grand jury's return of a no true bill.   Additionally, he retained

counsel in the criminal case at a substantial expense.

15.   Plaintiff notes that Defendant CALDER has previously been sued in this

Court on strikingly similar allegations in that an arrest was made, a criminal defendant

detained, and the case dismissed by the grand jury.[1]

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

16.   Plaintiff repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

17.   By their conduct and actions in arresting, imprisoning, and failing to

intercede on behalf of Plaintiff and in failing to protect him from the unjustified and

unconstitutional treatment he received at the hands of other defendants, defendant's

CALDER and WARNOCK, acting with animus, and under color of law and without

---

[1] See Cruz v. NYC, 10-cv-5949 (RJD)(LB)

lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

18.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Liability of Defendant the City of
New York for Constitutional Violations)

19.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants CALDER and WARNOCK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

21.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants CALDER and WARNOCK had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants, and paying out substantial sums of taxpayer dollars to cover up police misconduct without penalty to the individual police officers.  The policies,

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

22.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest and False Imprisonment)

23.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

24.   By the actions described above, defendants CALDER and WARNOCK falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his constitutional rights.

25.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

26.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27.   By the actions described above, Defendants CALDER and WARNOCK maliciously prosecuted plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his constitutional rights.

28.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorneys' fees;

e.   Such other further relief as this court may deem appropriate.

Dated: Brooklyn, New York
       June 17, 2013

Respectfully submitted,

SCOTT G. CERBIN, ESQ., PLLC
Counsel for the Plaintiff


By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, NY 11241
(718) 596-1829

7